**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QING LIN, | No. 09-73420 |
| Petitioner, | Agency No. A099-524-163 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Qing Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies regarding the nature of Lin's claim and the circumstances of his wife's IUD insertion. *See id.* at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"); *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam) (inconsistencies between testimony and documentary evidence regarding nature of attack and injuries suffered supported an adverse credibility finding). Lin's explanations do not compel a contrary conclusion. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Lin's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely

than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

Finally, we lack jurisdiction to review Lin's claim that the IJ violated his due process rights by refusing to rule on his counsel's objection because Lin did not exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**